# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| IN RE:<br><br>GLOBAL PROCESSING, INC.,<br><br>    Appellant,<br><br>vs.<br><br>IOWA DEPARTMENT OF AGRICULTURE AND LAND STEWARDSHIP, et al.,<br><br>    Appellees. | No. C23-3040-LTS-KEM<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on Appellant, Global Processing, Inc. (Global)'s, appeal (Doc. 1) from an order of the United States Bankruptcy Court for the Northern District of Iowa. Chief United States Magistrate Judge Kelly K.E. Mahoney has filed a Report & Recommendation (R&R) (Doc. 11) recommending that I dismiss the appeal because Global, a corporation, has failed to retain counsel as previously directed. Doc. 9. None of the parties have filed objections to the R&R. The period for objections in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) has expired.

## II. APPLICABLE STANDARDS

A district judge reviews a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); N.D. IA. L.R. 72(d), 72A (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. FACTUAL BACKGROUND

Judge Mahoney summarized the factual and procedural background as follows:

Global Processing, Inc. filed for Chapter 11 bankruptcy in October 2022, represented by Day Rettig Martin, P.C. In July 2023, Global filed an appeal of a bankruptcy order in this court, challenging a ruling denying its

2

> motion to assume and assign certain executory contracts. 23-CV-3025-LTS-KEM, Doc. 1. In October 2023, the bankruptcy court granted the United States Trustee's motion seeking to convert from Chapter 11 to Chapter 7 bankruptcy or in the alternative, to appoint a Chapter 11 trustee, finding that Global "has been poorly and perhaps even fraudulently managed"; that "cause" for conversion from chapter 11 to chapter 7 bankruptcy existed based on a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"; and that the appointment of a Chapter 11 trustee to manage Global would best serve the interests of creditors and the estate by maximizing payments to creditors. Global (through its attorneys Day Rettig) filed an appeal in this court of the order finding a Chapter 11 trustee should be appointed. No. 23-CV-3040-LTS-KEM, Doc. 1.
>
> Global moved in the bankruptcy court for a stay pending appeal of the order appointing a Chapter 11 trustee. The bankruptcy court denied this motion. On November 1, 2023, the bankruptcy court granted the United States Trustee's application to appoint Terry Gibson as the Chapter 11 trustee and his firm Wandro & Associates as counsel.

Doc. 9 (internal citations omitted); *see also In re Global Processing, Inc.*, No. 22-00669 (Bankr. N.D. Iowa Oct. 24, 2022).

This case concerns Global's second appeal (No. 23-CV-3040) challenging the appointment of the Chapter 11 trustee. Doc. 1 at 1. Following that appointment, Global's attorneys, Day Rettig Martin (DRM), filed a motion to withdraw as counsel. Doc. 6. On November 21, 2023, Judge Mahoney granted DRM's motion to withdraw, finding that its status as attorneys for Global terminated upon the appointment of the Chapter 11 trustee. Doc. 9 at 4. In her order, Judge Mahoney noted that while it was unlikely the Chapter 11 trustee would pursue an appeal of its own appointment, the owner of Global "could perhaps hire an attorney with his own funds (separate from the bankruptcy estate) to pursue the appeals." *Id*.

In order to pursue the present appeal, Judge Mahoney directed Global to retain counsel by December 8, 2023, and stated that if Global failed to do so, then its appeal would be dismissed for lack of counsel. *Id*. Global did not retain counsel. The Chapter

11 trustee entered his appearance on November 27, 2023 (Doc. 10) and does not intend to pursue the present appeal on Global's behalf. Doc. 11 at 1.

### IV. ANALYSIS

Because neither party objected to the R&R, I have reviewed it for clear error. Judge Mahoney correctly determined that Global's appeal should be dismissed for lack of counsel following the appointment of the Chapter 11 trustee. *See In re Miell*, No. 09-01500, 2009 WL 2253256, at *2 (Bankr. N.D. Iowa July 27, 2009) ("After a debtor's status as debtor-in-possession is terminated, the debtor's attorney's status under § 327 as attorney for debtor-in-possession is also terminated." (citing *Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004))); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se.*"); *see also* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501. U.S. 32, 49 (1991) (affirming district court's inherent power to dismiss *sua sponte* for failure to prosecute); *Fetman v. Aish Hatorah of N.Y. Inc.*, No. 1:17-cv-01247, 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) ("A district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte.*").

In addition to the reasons provided by Judge Mahoney, Global failed to file any briefing in accordance with Federal Rule of Bankruptcy Procedure 8018(a). *See* Doc. 8 at 1 (detailing briefing schedule and deadline of December 15, 2023); Fed. R. Bankr. P. 8018(a)(4) ("If an appellant fails to file a brief on time or within an extended time authorized by the district court. . . the district court or BAP, after notice, may dismiss the appeal on its own motion."). As such, and as an alternative basis for dismissal, I find that the appeal should be dismissed for failure to prosecute. *See Nora v. Internal Revenue Service*, 728 F. App'x 512, 513 (8th Cir. 2019) (per curiam) (finding district court did not abuse its discretion by dismissing bankruptcy appeal); *Lennartson v. Cristofono*, No. 21-1979, 2022 WL 245527, at *1 (8th Cir. Jan. 27, 2022) (per curiam)

4

(district court did not abuse its discretion in denying extension and dismissing bankruptcy appeal).

Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation to dismiss Global's appeal. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein, I hereby **adopt** the Report and Recommendation (Doc. 11) **without modification**. The appeal (Doc. 1) filed by Global Processing, Inc., is hereby **dismissed**.

**IT IS SO ORDERED.**

**DATED** this 30th day of January, 2024.

_____
Leonard T. Strand, Chief Judge